United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-41656
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

SALVADOR MATA-HERNANDEZ,

Defendant-
Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-701-ALL
-----------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

  Salvador Mata-Hernandez appeals his sentence imposed following his guilty plea conviction for illegal reentry into the United States following deportation. Mata-Hernandez was sentenced to a term of imprisonment of 41 months to be followed by a two-year term of supervised release.

---

 [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mata-Hernandez contends that his Iowa incest conviction is not a "crime of violence" as defined by U.S.S.G. § 2L1.2(b)(1)(A)(ii) and this court's jurisprudence because it does not have as an element the use or attempted use of force. The Government concedes error.

Section § 2L1.2 of the United States Sentencing Guidelines provides that the offense level for unlawfully entering or remaining in the United States shall be increased by 16 levels if the defendant has a prior conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The commentary to U.S.S.G. § 2L1.2 defines "crime of violence" as any of certain listed offenses or "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)). Because incest is not a listed offense, the offense must involve the use or threatened use of force to be a "crime of violence" in this context.

Iowa Code § 726.2 provides that a

> person, except a child as defined in section 702.5, who performs a sex act with another whom the person knows to be related to the person, either legitimately or illegitimately, as an ancestor, descendant, brother or sister of the whole or half blood, aunt, uncle, niece, or nephew, commits incest.

The commission of the offense does not require the use of physical force against a person. *See United States v. Vargas-Duran*, 356 F.3d 598, 600 (5th Cir.), *cert. denied*, 541 U.S. 965 (2004). Thus, it was not a crime of violence warranting a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).

The sentence is vacated and the case is remanded to the district court for resentencing.

Mata-Hernandez also argues that he should be resentenced because the district court erred in sentencing him under a mandatory guidelines scheme invalidated by *United States v. Booker*, 125

S. Ct. 738 (2005). Given that Mata-Hernandez's sentence has been vacated, it is not necessary to address the *Booker* issue. *See United States v. Southerland*, 405 F.3d 263, 270 (5th Cir. 2005).

Mata-Hernandez's argument that the treatment of prior convictions as sentencing factors rather than offense elements under 18 U.S.C. § 1326(b)(1), (b)(2) is unconstitutional is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

SENTENCE VACATED; CASE REMANDED TO THE DISTRICT COURT FOR RESENTENCING.